UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEVON MATTHEWS, #768647,

        Petitioner,

                                   CASE NO. 2:22-CV-11233
v.                                    HON. VICTORIA A. ROBERTS

RANDEE REWERTS,

        Respondent.
_____/

**OPINION & ORDER DISMISSING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
& DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I. INTRODUCTION**

This a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Devon Matthews ("Petitioner") was convicted of second-degree murder, three counts of assault with intent to do great bodily harm less than murder, felon in possession of a firearm, and possession of a firearm during the commission of a felony following a bench trial in the Wayne County Circuit Court in 2011. He was sentenced to 30 to 35 years imprisonment on the murder conviction, concurrent terms of 5 to 10 years imprisonment on the assault convictions, a concurrent term of 2 to 5 years imprisonment on the felon in possession conviction, and a consecutive term of 2 years imprisonment on the felony firearm conviction in 2012. In his pleadings, he raises a sentencing claim. ECF No. 1. On June 13, 2022, the Court ordered Petitioner to show cause why the case should not be dismissed for failure to comply with the one-year statute of limitations applicable to federal habeas actions. ECF No. 4. Petitioner filed a timely response. ECF No. 5.

Having reviewed the matter, the Court concludes that the Habeas Petition is untimely and must be dismissed. The Court also concludes that a Certificate of Appealability and leave to proceed in forma pauperis on appeal must be denied.

## II. PROCEDURAL HISTORY

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising his sentencing claim. The court denied relief and affirmed his sentences. *People v. Matthews*, No. 308369, 2013 WL 6703494 (Mich. Ct. App. Dec. 19, 2013). Petitioner did not file an application for leave to appeal with the Michigan Supreme Court.

Petitioner subsequently pursued post-conviction collateral review in the Michigan courts. State court records seem to indicate that he filed a motion for relief from judgment with the state trial court on March 19, 2015 and was denied relief. *People v. Matthews,* Case No. 11-008423-01-FC (Wayne Co. Cir. Ct.), https://cmspublic.3rdcc.org/CaseDetail.aspx?CaseID=1242951 (accessed on June 9, 2022). Petitioner, however, clarifies that he filed a motion for re-sentencing on March 19, 2016,[1] and a subsequent motion for reconsideration, ECF No. 5, PageID.64, 68-73, and documents attached to his response show that those motions were denied in July, 2016 and September, 2016, respectively. ECF NO. 5, PageID.74-75. Petitioner sought further review in the Michigan appellate courts and was denied relief. *People v. Matthews,* No. 336101 (Mich. Ct. App. Feb. 6, 2017); *People v. Matthews*, 501 Mich. 975, 906 N.W.2d 766 (Feb. 20, 2018); ECF No. 1, PageId.41.

---

[1]The Court notes that Petitioner's filing date of March 19, 2016 seems correct given that his motion for re-sentencing references *People v. Lockridge*, 498 Mich. 358, 870 N.W.2d 502 (2015), which was decided on July 29, 2015.

Petitioner submitted an application for leave to appeal via a "letter request" for review with the Michigan Supreme Court on December 9, 2021, but his pleadings were rejected as untimely. ECF No. 1, PageID.41. He then submitted a request for reconsideration with the Michigan Supreme Court on December 27, 2021, which was similarly rejected. ECF No. 1, PageID.42.

Petitioner dated his Habeas Petition on May 31, 2022.

### III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, became effective on April 24, 1996. The AEDPA includes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). A habeas petition filed outside the allotted time period must be dismissed. *See*

*Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing case filed 13 days late); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

A preliminary question in this case is whether Petitioner has complied with the one-year statute of limitations. "[D]istrict courts are permitted . . . to consider *sua sponte*, the timeliness of a state prisoner's federal habeas petition. *Day v. McDonough*, 547 U.S. 198, 209 (2006).

The Michigan Court of Appeals affirmed Petitioner's sentences on December 19, 2013. Petitioner then had 56 days to file a delayed application for leave to appeal with the Michigan Supreme Court. Mich. Ct. R. 7.305(C)(2); *Rice v. Trippett*, 63 F. Supp. 2d 784, 787 (E.D. Mich. 1999) (Hackett, J.). He did not do so. His convictions and sentences thus became final on or about February 13, 2014 when the time for seeking leave to appeal with the Michigan Supreme Court expired. *See Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012) (when a petitioner does not seek review in a state's highest court, the judgment becomes final when the time for seeking such review expires); *Brown v. McKee*, 232 F. Supp. 2d 761, 765 (E.D. Mich. 2002).[2] Consequently, Petitioner was required to file a federal habeas petition by February 13, 2015, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner did not file his motion for re-sentencing with the state trial court until March 19, 2016 – more than a year and a month after the one-year limitations period had expired. A state court

---

[2]Normally, the one-year statute of limitations does not begin to run until the 90-day time period for filing a petition for writ of certiorari in the United States Supreme Court has expired. *See* Rule 13(1), Supreme Court Rules. Petitioner, however, is not entitled to have the 90 days added to the limitations period because his failure to timely seek leave to appeal with the Michigan Supreme Court divested the United States Supreme Court of jurisdiction to grant a writ of certiorari.

post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no time remaining to be tolled. *Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); *see also Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003); *Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003). The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).[3] Petitioner did not date his federal Habeas Petition until May 31, 2022 – long after the one-year period had expired.

Petitioner does not allege that the State created an impediment to the filing of his habeas petition or that his habeas claims are based upon newly-discovered evidence or newly-enacted, retroactively applicable law. His habeas petition is therefore untimely under 28 U.S.C. § 2244(d).

The United States Supreme Court has confirmed that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Supreme Court has explained that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th Cir. 2010). A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances

---

[3]Petitioner's submissions to the Michigan Supreme Court in December, 2021 also did not toll the one-year period because they were filed after the one-year period had expired, *see* discussion *supra*, and because they were rejected and not accepted for filing. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (motions must be "properly filed" for tolling under 28 U.S.C. § 2244(d)(2); untimely motions are not properly filed and do not toll the one-year period).

beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc*., 209 F.3d 552, 560 (6th Cir. 2000)).

In his motion for equitable tolling, Petitioner asserts that the one-year period should be equitably tolled because he did not learn of the Michigan Court of Appeals December 19, 2013 decision on direct appeal until August, 2015 when he contacted his girlfriend who accessed the state trial court's public website. ECF No. 5, PageID.64. A prisoner's failure to receive a copy of a state court's decision can be a reason to equitably toll the limitations period. *Miller v. Collins*, 305 F.3d 491, 496 (6th Cir. 2002). In such a case, however, the prisoner may not "passively await decision" and instead must act diligently both before and after receiving notice of the court's decision. *Id*.

Petitioner fails to allege or establish that he acted with sufficient diligence to justify equitable tolling. Petitioner states that appellate counsel filed a timely appeal with the Michigan Court of Appeals in October, 2012, that he received a copy of the brief on appeal in November, 2012, and that additional documents were filed with the Michigan Court of Appeals in November, 2013. ECF No. 5, PageID.63. The Michigan Court of Appeals issued its decision on December 19, 2013. Petitioner admits that he did not inquire into the status of his case until August, 2015. Waiting more than one year and seven months after the latest filing in the Michigan Court of Appeals to do so was not diligent. *See, e.g., Robinson v. Easterling*, 424 F. App'x 438, 443 (6th Cir. 2011) (waiting one year and six months between inquiries was not reasonably diligent); *Sadler v. Michigan*, No. 15-12437, 2016 WL 4437669, *4-5 (E.D. Mich. Aug. 23, 2016) (waiting over two years to check on status of case was not diligent); *Johnson v. Bergh*, No. 13-CV-13828, 2013 WL 5913438, *3 (E.D. Mich. Oct. 31, 2013) (same); *Campbell v. Woods*, No. 2:11-CV-00015, 2011 WL 3739361, *1 (W.D. Mich. Aug. 24, 2011) (adopting magistrate judge's report denying equitable tolling where

petitioner waited one year and six months to check on his Michigan Supreme Court appeal); *see also Keeling v. Warden*, 673 F.3d 452, 463-64 (6th Cir. 2012) (discussing cases where equitable tolling was denied due to prisoner's failure to monitor status of appeal); *Elliot v. Dewitt*, 10 F. App'x 311, 313 (6th Cir. 2001) (denying equitable tolling where prisoner failed to monitor his case). Moreover, Petitioner offers no sound explanation as to why he did not inquire into the status of his appeal sooner. Petitioner fails to show that he acted with reasonable diligence in monitoring the status of his appeal before the Michigan Court of Appeals so as to warrant equitable tolling of the one-year period.

Moreover, even if the Court were to equitably toll the one-year period until August, 2015 when Petitioner claims that he learned of the Michigan Court of Appeals' December 19, 2013 decision, the Habeas Petition is still untimely. Petitioner filed his motion for re-sentencing with the state trial court on March 19, 2016. At that point, approximately seven months of the one-year period had expired. The matter remained pending in the Michigan courts until February 20, 2018 when the Michigan Supreme Court denied leave to appeal. The limitations period resumed the next day and expired five months later, in July, 2018. Petitioner did not seek further review in the state courts until December, 2021 and did not sign his federal Habeas Petition until May 31, 2022 – long after the one-year period had expired.

Additionally, the fact that Petitioner is untrained in the law, is (or was) proceeding without a lawyer or other legal assistance, and/or may have been unaware of the statute of limitations for a period of time does not warrant tolling. *See Keeling*, 673 F.3d at 464 (pro se status is not an extraordinary circumstance); *Allen*, 366 F.3d at 403 (ignorance of the law does not justify tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances

7

which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse" for failure to follow legal requirements); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases stating that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling). Petitioner fails to demonstrate that he is entitled to equitable tolling under *Holland*.

Both the United States Supreme Court and the United States Court of Appeals for the Sixth Circuit have held that a credible claim of actual innocence may equitably toll the one-year statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 399-400 (2013); *Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-39 (2006). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. In keeping with Supreme Court authority, the Sixth Circuit has recognized that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 321). Petitioner makes no such showing. He fails to establish that he is entitled to equitable tolling of the one-year period. His Habeas Petition is untimely and must be dismissed.

8

## IV. CONCLUSION

Based upon the foregoing discussion, the Court concludes that the Habeas Petition is untimely and that Petitioner is not entitled to equitable tolling of the one-year period. Accordingly, the Court **DISMISSES WITH PREJUDICE** the Petition for a Writ of Habeas Corpus.

Before Petitioner may appeal the Court's decision, a Certificate of Appealability ("COA") must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a district court denies relief on procedural grounds, a COA should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*. In this case, jurists of reason could not find the Court's procedural ruling that the Habeas Petition is untimely debatable. Accordingly, the Court **DENIES** a COA.

Lastly, the Court finds that an appeal from this decision cannot be taken in good faith. Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** Petitioner leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED.**

s/ Victoria A. Roberts
VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

Dated:  September 20, 2022